UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

JAVONNTA SIMMONS

                Plaintiff,                **MEMORANDUM OF LAW**

    v.

                                         **6:12-CV-6705-CJS**

CITY OF ROCHESTER, THOMAS S. RICHARDS,
individually and in his official capacity as Mayor of the
City of Rochester, and JAMES M. SHEPPARD,
individually and in his official capacity as Police Chief
of the City of Rochester,

                Defendants.

      This memorandum of law is submitted in reply to the Plaintiff's response to the Defendants' motion to dismiss the complaint pursuant to FRCP 12(b)(6), and in further support of the Defendants' motion.

      The Plaintiff's complaint should be dismissed because it does not state a plausible or credible allegation that any action by the City of Rochester or any of its employees or agents caused the Plaintiff to be evicted from her apartment or otherwise harmed the Plaintiff in any way, shape or form.

      The Plaintiff's memorandum alleges that "[w]hen a defendant retaliates against a tenant who has experienced domestic violence because that tenant does not behave in the way that the landlord's gender stereotypes suggest that a female victim of domestic violence must, it violates the law." *See* Plaintiff's Memorandum of Law at 2. This shows exactly why this complaint

should be dismissed; the complaint simply does not allege that the City "retaliated against", punished, harmed or otherwise acted to the detriment of the Plaintiff in any way, let alone based on "the landlord's gender stereotypes." Rather, as the complaint pleads, if the Plaintiff was evicted at all, she was evicted by her landlord, and if any "gender stereotypes" were involved, they were, as the Plaintiff herself admits, "the landlord's gender stereotypes." If any cause of action exists here, it would be against the landlord who actually evicted the Plaintiff, and not against the City, because the City did not evict her, and the City's law did not call for her to be evicted or cause her eviction, even accepting the factual allegations of the complaint as true.

The Defendants have moved to dismiss the complaint for failure to state a claim, and the standard for such motions is well settled:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*James v. Canfield*, 2013 U.S. Dist. LEXIS 58716, 5-6 (W.D.N.Y. Apr. 24, 2013) (Siragusa, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

> When applying this 'plausibility standard,' the Court is guided by 'two working principles': First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*James*, 2013 U.S. Dist. LEXIS 58716 at 6-7 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *James*, 2013 U.S. Dist. LEXIS 58716 at 7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Most of Plaintiff's complaint is based on legal conclusions about the meaning and operation of the City's law, and those conclusions do not need to be accepted as true for the purposes of this motion. As explained in the City's earlier moving papers, the City's law would not call for the eviction of the Plaintiff in the circumstances alleged in the complaint, and in fact the City's law does not call for eviction of residents or tenants of premises at all. The City's law may cause a property to be closed, usually for a limited period of time, but the circumstances alleged by the complaint do not show that any such closure would or even could have taken place in this situation, because the complaint only describes circumstances under which a maximum of six nuisance points would have been assessed against the property in question, and no action of any kind is taken against a property unless at least twelve points are assessed. *See* Charter of the City of Rochester § 3-15 (B)

Even if twelve points had been assessed against the property, no action is taken under the City's law without notice and an opportunity to be heard being given to both the landlord and all tenants. *See* City Charter § 3-15 (C)(1), (C)(2)(a). The complaint does not allege any direct notice to the Plaintiff of anything, and does not allege that any hearing occurred at all. So under the circumstances as alleged in the complaint, there is absolutely no way that the City's law would have caused the Plaintiff to be evicted or to lose her residence or to be harmed in any way at all because of her gender, or for any other reason.

Accepting all of the allegations of the complaint as true for the purposes of this motion, the Plaintiff simply has not made a plausible or credible claim that she was evicted or otherwise harmed by the City, the City's law, or any City agent or employee. The Plaintiff has not alleged that any City agent or employee directly acted to evict her. Accepting as true the allegation in the complaint that "officers from the City of Rochester Department informed the Management Group that the apartment had to be vacated due to the incident or the property would be shut down" (*see* Complaint at ¶ 23) the Plaintiff still has not stated a credible cause of action because, as shown here and in the Defendants' earlier papers, proper operation of the City's law would not cause the Plaintiff to be evicted under the circumstances alleged in the complaint, and because there is no other allegation in the complaint to show at all that any Police Officers would have had the authority to evict the Plaintiff under the circumstances alleged in the complaint. The Plaintiff alleges that she was evicted by her landlord, not by the City of Rochester. Therefore, even accepting the alleged statements as true, if those statements were not supported by proper authority to evict, then the City cannot be held liable for the alleged eviction.

The alleged statements would not allow the Court to "infer more than the mere possibility of misconduct", and therefore the complaint should be dismissed. *James*, 2013 U.S. Dist. LEXIS 58716 at 7 (quoting *Iqbal*, 556 U.S. at 679). The complaint simply does not contain any credible or plausible allegation that the City or any agent or employee of the City did anything to cause the Plaintiff any harm.

It also should be noted that nothing in the complaint alleges any individual action whatsoever by either of the individually named Defendants, and so there is no basis for liability at all as against those individuals, and the claims against them should be dismissed.

**WHEREFORE**, it is respectfully requested that the complaint be dismissed in all respects against all the Defendants herein pursuant to F.R.C.P. 12(b)(6) for failure to state a cause of action, and that such other and further relief as this Court shall find good and proper should be granted.

**ROBERT J. BERGIN
CORPORATION COUNSEL**

Dated: May 8, 2013  /s Adam M. Clark
     Rochester, New York  Adam M. Clark, Esq., Of Counsel
*Attorneys for Defendants*
Office and Post Office Address
City Hall Room 400A, 30 Church Street
Rochester, NY 14614-1295
Telephone: (585) 428-6699
clarka@cityofrochester.gov